```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
In the Matter of a Proceeding
for Support under the Family
Court Act

COMMISSIONER OF SOCIAL SERVICES,
Petitioner/Assignee on behalf of

TAMMY BOERTLEIN, ASSIGNOR,

                Petitioner,
                                        MEMORANDUM & ORDER TO
        -against-                       SHOW CAUSE
                                        17-CV-6741 (JS)(AYS)
ROGER W. CLARKE, JR.,

                Respondent.
----------------------------------X
APPEARANCES
For Petitioner:    No appearance.

For Respondent:    Roger W. Clarke, pro se
                   1 Sommerset Drive
                   Yaphank, NY 11980
```

FILED
CLERK
12/11/2017 4:35 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

SEYBERT, District Judge:

In or about October 31, 2016, the Commissioner of Social Services, on behalf of Tammy Boertlein, Mother ("Petitioner"), commenced this action against respondent Roger W. Clarke Jr., Father ("Respondent") in the Family Court of the State of New York, County of Suffolk ("State Court").[1] (See Pet., Docket Entry 1, at 1.) On November 17, 2017, Respondent, acting pro se, filed a Notice of Removal removing the action to this Court pursuant to,

---

[1] Although Respondent has not filed a copy of the Complaint with his Notice of Removal, Petitioner is pursing a child support enforcement action against Respondent in state court under Index No. F-18124-16. (See Oct. 18, 2017 Order of Support by Default, Pet. Ex. B, Docket Entry 1-2.)

inter alia, 28 U.S.C. §§ 1443 ("Section 1443") and 1446(b) ("Section 1446(b)") on the basis that this Court has original jurisdiction under 28 U.S.C. § 1331 because there are "questions arising under the Constitution, Laws, and Treaties of the United States, including but not limited to the Bill of Rights and the Eleventh Amendment, the original Thirteenth Amendment, and Fourteenth Amendment to the U.S. Constitution, the International Covenant on Civil and Political Rights, and the Universal Declaration of Human Rights, with Reservations" involved. (See Pet. at 1.)[2] Respondent also claims "that there are also criminal violations of 18 U.S.C. §§ 241 and 242. (Pet. at 2.) According to Respondent, "the state family court system may already be, or has become, a fully wanton criminal enterprise with the officers and professionals in daily power thereof absolutely and manifestly abusing process, law, litigants, and even incidental parties . . . ." (Pet. at 7, ¶ 19.)

Further, Respondent asserts that removal is proper pursuant to 28 U.S.C. § 1443 because he, a state court litigant,

---

[2] In an apparent attempt to stay a child support enforcement hearing scheduled for October 18, 2017 in the Family Court, on October 16, 2017, Respondent, acting pro se, filed a Notice of Removal (assigned Docket Number 17-CV-6030(JS)(AYS)) seeking to remove the same child support enforcement action to this Court. By Memorandum and Order dated November 9, 2017, the action was remanded to the Family Court of the State of New York, Suffolk County, pursuant to 42 U.S.C. § 1447(c). (See Pet. at 4, ¶ 9.) Respondent did not appear in Family Court on October 18, 2017 and an Order of Support by Default was entered against him. (See Pet. Ex. B, Docket Entry 1-2.)

2

has been "denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof." (Pet. at 2, (quoting 28 U.S.C. § 1443(1)).)

Respondent has also filed two motions seeking disqualification of the undersigned "and all other Judges of this Court who have likewise previously acted as a New York state court judge at any time in domestic relations/child custody cases." (See Docket Entries 1-14 and 6.) Respondent paid the Court's filing fee. For the reasons set forth below, and for the same reasons that the Court made clear in its Memorandum and Order remanding the Petition under Docket Number 17-CV-6030(JS)(AYS), the instant action is REMANDED to the State Court pursuant to 28 U.S.C. § 1447(c). Given the remand, the motions for disqualification are DENIED AS MOOT.

## DISCUSSION

I. The Removal Statute

Pursuant to 28 U.S.C. § 1441(a), ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added).) In addition, 28 U.S.C. § 1446(a) sets forth the procedure for removal to be

3

followed:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, <u>together with a copy of all process, pleadings, and other papers served upon such defendant or defendants</u> in such action.

28 U.S.C. § 1446(a) (emphasis added). Subsection (b) makes clear that

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or process or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . or within 30 days after the service of the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever is shorter.

28 U.S.C. § 1446(b). "[S]tatutory procedures for removal are to be strictly construed, . . . because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." Frontier Park Co., LLC v. Contreras, 35 F. Supp. 3d 264, 267 (E.D.N.Y. 2014) (internal quotation marks and citations omitted); accord In re Facebook, Inc., IPO Sec. & Derivative Litig., 922 F. Supp. 2d 475, 480 (S.D.N.Y. 2013). "[T]he burden is on the removing party to prove that it has met the requirements for removal." Ulysse v. AAR Aircraft Component Servs., 841 F. Supp. 2d 659, 666 (E.D.N.Y. 2012)

(internal quotation marks and citation omitted).

Here, Respondent seeks to remove this child support enforcement action to this Court almost one (1) year after it was filed in the State Court.[3] Thus, regardless of whether Respondent's Notice of Removal invokes this Court's federal question subject matter jurisdiction,[4] there is no basis in law for Respondent's attempt to remove this action to federal court <u>after</u> the statutory thirty-day time period has expired. <u>Edelman v. Page</u>, 535 F. Supp. 2d 290, 292 (D. Conn. 2008) (finding that the "statutory time limit is mandatory . . . [and] absent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement.") (internal quotation marks and

---

[3] Because Respondent did not file a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and other papers served upon him in such action, it is difficult for the Court to determine when the State Court action was commenced. However, Respondent has included, as Exhibit B to his Notice of Removal, a copy of a Support Petition filed in State Court against him by Petitioner on October 31, 2016. (<u>See</u> Pet. Ex. B.)

[4] Notwithstanding Respondent's assertion that this Court's federal question subject matter jurisdiction is invoked, given that the underlying case appears to be a child support enforcement action, the domestic relations exception to the jurisdiction of the federal courts would likely divest this Court of jurisdiction. <u>See</u> <u>Marshall v. Marshall</u>, 547 U.S. 293, 308, 126 S. Ct. 1735, 1746, 164 L. Ed. 2d 480, 495 (2006) (Under the domestic relations exception, "divorce, alimony, and child custody decrees" remain outside federal jurisdictional bounds) (citation omitted); <u>McArthur v. Bell</u>, 788 F. Supp. 706, 709 (E.D.N.Y. 1992) (finding that the domestic relations applied because the plaintiff's claims directly related to child support modification proceedings).

citation omitted; alterations in original). Thus, notwithstanding Respondent's assertion his constitutional rights have been or are being violated in the state court matter, there is no basis to remove a child support enforcement action simply by alleging that the state court has violated his federal rights. See Grohs v. Grohs, 17-CV-1605, 2017 WL 5171845, *3 (D. Ct. Nov. 8, 2017) ("Ms. Grohs cannot remove a family court custody battle to this court simply by alleging that the state court has violated her civil rights.")  Indeed, "'whether a case . . . is removable or not . . . . is to be determined by the allegations of the complaint. . . . [I]f the case is not then removable it cannot be made removable by any statement in the petition for removal or in subsequent pleadings by the defendant.'" Grohs, 2017 WL 5171845, at *3, quoting Great N. Ry. Co. v. Alexander, 246 U.S. 276, 281, 38 S. Ct. 237, 62 L. Ed. 2d 713 (1918).

Further, to the extent that Respondent relies on Section 1443 as the basis for removal, such reliance is misplaced.  It is well-established that Section 1443 "'applies only in cases where a defendant seeks to remove a state cause of action based upon *racial* discrimination.'" Grohs v. Grohs, 17-1605, 2017 WL 4678182, *3 (D. Conn. Oct. 17, 2017) (emphasis in original), quoting Robinson v. Eichler, 795 F. Supp. 1253, 1258 (D. Conn. 1992) (Section 1443's "scope is very narrow") (citing Johnson v. Miss., 421 U.S. 213, 219, 95 S. Ct. 1591, 44 L. Ed. 2d 121 (1975)).  Given Respondent's

6

acknowledgment that "there is no racial component in this case" (Pet. Ex. 9, Docket Entry 1-9), Section 1443 has no application here.

Moreover, although Respondent's Notice of Removal, including exhibits, is comprised of eighty-two pages, he has failed to attach a copy of the "pleadings[ ] and orders" served upon him in the State Court case as is required by the removal statute.[5] Accordingly, this action is REMANDED to the State Court pursuant to 42 U.S.C. § 1447(c). See, e.g. Allfour v. Bono, No. 11-CV-1619, 2011 WL 2470742, at * 1 (E.D.N.Y May 5, 2011), report and recommendation adopted by 2011 WL 2470734 (E.D.N.Y. June 22, 2011) (holding that in this circuit, a procedural defect, by itself, would authorize a sua sponte remand within thirty [30] days after the filing of the notice of removal); Cassara v. Ralston, 832 F. Supp. 752, 753-54 (S.D.N.Y. 1993) (holding that 28 U.S.C. § 1447(c) authorizes a district court to sua sponte remand actions to state court for defects in removal procedure within thirty [30] days after the filing of the notice of removal); see also Burr v. Toyota

---

[5] Although Respondent claims that docket information for Family Court cases are "kept unlawfully hidden away from the general public, and have to be requested from a state/county court clerk, which was personally and refused to me by the Suffolk County clerks at their regular public clerk counter on more than one (1) occasion" (see Clarke Aff., Pet. Ex. A, at ¶ 3), he misunderstands the rule. The removal statute requires the submission of all "pleadings[] and orders" served upon him and not necessarily filed with the state court. See 28 U.S.C. § 1446(a).

7

Motor Credit Co., 478 F. Supp. 2d 432, 436 (S.D.N.Y. 2006) ("[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.") (internal quotation marks and citation omitted).

Accordingly, the Clerk of the Court shall: (1) MAIL a certified copy of this Order to the clerk of the Family Court of the State of New York, County of Suffolk, pursuant to 42 U.S.C. § 1447(c) and (2) MAIL a copy of this Memorandum and Order to Respondent. Given the remand, Respondent's motions for disqualification are DENIED as they are now MOOT.

II. The All Writs Act

Under the All Writs Act, a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act "grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits." MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999). Those circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits. See Malley v. N.Y. City Bd. of Educ., 112 F.3d 69 (2d Cir. 1997) (per curiam) (filing injunction may issue if numerous complaints filed are based on the same events); In re Martin-Trigona, 9 F.3d

8

226, 227-28 (2d Cir. 1993). Such an injunction, while protecting the courts and parties from frivolous litigation, should be narrowly tailored so as to preserve the right of access to the courts. In addition, the Court must provide plaintiff with notice and an opportunity to be heard before imposing a filing injunction. Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam).

Here, Respondent has twice sought to remove to this Court a child support enforcement action pending in the New York State Family Court, Suffolk County. Respondent's instant Notice of Removal suggests that he may also seek to file a new complaint in this Court concerning the underlying child support enforcement action and challenging rulings therein. Respondent is cautioned that the Court will not tolerate frivolous filings in this Court. The Court has an "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F. 3d 121, 123 (2d Cir. 2000) (internal quotation marks, citations, and alteration omitted). The Court is especially cognizant of Respondent's pro se status and has considered his submissions in as positive a light as possible. Nonetheless, the Court now warns Respondent that similar, future attempts to remove the Family Court matter or any new complaint concerning the same subject matter as

9

set forth in the Notices of Removal will not be tolerated.  Given Respondent's litigation history, the Court now ORDERS RESPONDENT TO SHOW CAUSE BY FILING AN AFFIDAVIT WITHIN THIRTY (30) DAYS WHY AN ORDER BARRING HIM FROM FILING ANY FURTHER NOTICE OF REMOVAL SEEKING TO REMOVE THE CHILD SUPPORT ENFORCEMENT ACTION TO THIS COURT OR ANY NEW COMPLAINT CONCERNING THE SAME SUBJECT MATTER AS WAS SET FORTH IN THE NOTICES OF REMOVAL SHOULD NOT BE ENTERED.  Respondent is advised that failure to file an affidavit in accordance with this Order to Show Cause will lead to the entry of an order barring Respondent from filing any new notice of removal or complaint relating to the child support enforcement action and the Court will direct the Clerk of the Court to return to Respondent, without filing, any such action.

Finally, Respondent is cautioned that Rule 11 of the Federal Rule of Civil Procedure applies to pro se litigants, see Maduakolam v. Columbia Univ., 866 F.2d 53, 56 (2d Cir. 1989) ("Rule 11 applies both to represented and pro se litigants . . . ."), and should he file another notice of removal or complaint relating to these issues, it is within the Court's authority to consider imposing sanctions upon them.  See FED. R. CIV. P. 11; In re Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984) (a district court has "the power and the obligation to protect the public and the efficient administration of justice from [a vexatious litigant's] litigious propensities"); Safir v. U.S. Lines, Inc.,

792 F.2d 19, 24 (2d Cir. 1986) ("'A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation.'") (quoting Abdullah v. Gatto, 773 F.2d 487, 488 (2d Cir. 1985) (per curiam)).

CONCLUSION

For the reasons set forth above, this action is REMANDED to the State Court pursuant to 42 U.S.C. § 1447(c). The Clerk of the Court shall: (1) MAIL a certified copy of this Order to the clerk of the Family Court of the State of New York, County of Suffolk, pursuant to 42 U.S.C. § 1447(c) and (2) MAIL a copy of this Memorandum and Order to Respondent. Given the remand, Respondent's motions for disqualification are DENIED as they are now MOOT.

RESPONDENT IS ORDERED TO SHOW CAUSE BY FILING AN AFFIDAVIT WITHIN THIRTY (30) DAYS WHY AN ORDER BARRING HIM FROM FILING ANY FURTHER NOTICE OF REMOVAL SEEKING TO REMOVE THE CHILD SUPPORT ENFORCEMENT ACTION TO THIS COURT OR ANY NEW COMPLAINT CONCERNING THE SAME SUBJECT MATTER AS WAS SET FORTH IN THE NOTICES OF REMOVAL SHOULD NOT ENTERED. Respondent is advised that failure to file an affidavit in accordance with this Order to Show Cause will lead to the entry of an order barring Respondent from filing any new notice of removal or complaint relating to the child support enforcement action and the Court will direct the Clerk of

11

the Court to return to Respondent, without filing, any such action. Respondent is also cautioned that, should he file another notice of removal or complaint relating to the child support enforcement action, it is within the Court's authority to consider imposing sanctions upon him pursuant to Federal Rule of Civil Procedure 11.

Although Respondent paid the filing fee in this Court, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should Respondent seek leave to appeal in forma pauperis, any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is DIRECTED to mail a copy of this Memorandum and Order to Show Cause to Respondent at his last known address and to file proof of such service with the Court.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December   11   , 2017
       Central Islip, New York